# Empire Galvanizing Company *v.* Maser & Maser, Appellants.

*Contracts—Contracts for sale of automobile—Compliance with contract—Parol contradiction of written contract—Evidence—Insufficiency.*

On a rule to open a judgment, entered on a judgment note given in the sale of an automobile, the defense alleged that the plaintiff had agreed to install a new engine, if necessary. The written contract provided as follows: "We agree to have the car looked over by the Auto Car Company and replace all broken parts and adjust brakes and tune up engine."

. The undertaking of the plaintiff with respect to repairs having been set forth in the bill of sale, and there being no competent offer of evidence to qualify the terms of the written obligation of the plaintiff to repair, or to show that such obligation had not been complied with, the trial judge properly directed a verdict in favor of the plaintiff.

Submitted October 12, 1921. Appeal, No. 159, Oct. T., 1921, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1919, No. 2723, directing a verdict in favor of the plaintiff in the case of Empire Galvanizing Company v. B. Maser and W. Maser. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on written contract for sale of automobile. Before SHOEMAKER, J.

Judgment was entered by warrant of attorney in a judgment note given at the time of the execution of the contract. A rule to open the judgment was granted and upon the case being called for trial and issue being framed, testimony was taken, and at the conclusion of the defendant's case, the court directed a verdict in favor of the plaintiff for the sum of $602.50 and judgment was entered thereon. Defendant appealed.

*Error assigned,* among others, was in directing a verdict.

*Albert T. Hanby,* and with him *Henry J. Scott,* for appellant.

*Bernard A. Illoway,* and with him *Harry Felix,* for appellee.

OPINION BY HENDERSON, J., November 21, 1921:

The plaintiff sold a used automobile truck to the defendants for $800; $300 of the purchase price being paid in money and the balance secured by the defendant's judgment promissory note, payable to the plaintiff in sixty days. Judgment having been entered on the note, application to open the judgment was made by the defendants for the reason that the note was given "on account of work and labor done by the Empire Galvanizing Company. The work and labor was never done by the Empire Galvanizing Company." The judgment was opened pursuant to the defendant's application. At the trial an entirely different defense was presented; the defendants asserting that the note was given in part payment of the purchase price of the automobile truck, and that the consideration had failed because of the defective condition of the truck and the failure of the plaintiff to comply with its agreement made at the time of the sale to have it put in good condition. In support of the defense, a bill of sale by the plaintiff to the defendant was offered, attached to which was an agreement of the plaintiff in form as follows: "We agree to have the car looked over by the Autocar Company, and replace all broken parts and adjust brakes and tune up the engine. Empire Galvanizing Co., Inc., per H. G. Pearlman, Pres."

The truck was bought after an inspection made by one of the defendants and an expert mechanic whom he employed to examine it. It was admitted that the truck was sent to the Autocar Company for repairs, and that

the plaintiff paid a bill there of $115 for work done on it. The contention of the appellant seems to have been that there was a verbal understanding that the truck should have been placed in perfect running order, including a new engine if necessary; but the undertaking of the plaintiff, with respect to repairs, was set forth in the bill of sale and it contains a clear implication that it was not contemplated that a new motor should be used.

There was no competent offer of evidence to qualify the terms of the written obligation of the plaintiff to repair or to show that its written obligation had not been complied with. The trial judge did not err, therefore, in instructing the jury that the appellants have failed to make out a defense.

The assignments of error are overruled, and the judgment is affirmed.